RuffiN, Chief-Justice.'
 

 Although the action of covenant sounds in damages, yet they are not arbitrary and altogether in the discretion of the jury, as in cases of vindictive actions in
 
 tort.
 
 There is a rule v\liich may be given, and a measure for the damages in the stipulations of the parties, and the value of the thing to be done by the covenantor, and which is not done by him, or so much of it as remains undone. It.may be stated too, as certain, that evidence of a set off, or of any claim in the nature of a set off, is not applicable to this action; because it would render the proceedings too complex, and the, administration of justice between the parties too uncertain. Damages may be reduced by such . things as have been done in execution or towards the IMy, perform anco of
 
 the
 
 covenant; but not by a matter dis- ^ tinctfrom it,or altogether unauthorised by it. Here for instance, the covenant is to build a mill: the defendant could not show that he built a barn on the plaintiff’s land, either as performance or part performance. The covenant is also to build the mill by a particular day; what the defendant did towards it before that day, might be an answer to the \ damages
 
 pro tanto.
 
 But the case slates that nothing It was done before the day, and the whole remained to be performed. When specific articles are to be delivered on a day certain, and are not delivered, the debtor can-f not discharge himself by a subsequent tender, or dimin-Sy \ ish the damages by a subsequent fall in the price. The *>* covenantee has a right to the value at the day, and to receive that value in money. So, this plaintiff was entitled by bis contract to recover in money the value of the houses not then erected. Can the defendant compel him, against his will, to take work, or by his act, alter in any manner theplaintifi’s rights, without his concurrence? Ho may have changed bis mind, and did not choose then to build a mill; or, at all events, he chose that the defendant should not do the work. The plaintiff had th.cn a right to the possession.of the land; but the defendant refused to surrender it, and held over, and has since erected the mill. If the time had been extended by agreement, and
 
 Hanoi
 
 had received the mill, it would
 
 *94
 
 have been an answer to the action, as a satisfaction.— But not so, when it is against his consent, even in mitigation of damages, more than other work done on the land, which was not mentioned in the contract, and which the plaintiff forbade. Both are equally without the sanction of an agreement. If the defendant could recover in his own action for such work, his demand could not be set off in this; and if not set off, strictly speaking, evidence ought not to be which received would virtually give it that character. But the defendant could not maintain
 
 assumpsit
 
 for work done on the plaintiff’s land, not only without, but against his request. If so, I am at a loss for a legal ground, which is to prevent the plaintiff now from recovering all to which he was at any time entitled. It is said, his estate is improved, and therefore he receives the benefit. But one man has no right to improve another out of his estate or out of his debts. I should think therefore, that the evidence was properly-rejected, had the plaintiff already got into possession of the land, including the mill. But here the defendant is still holding over and defending an
 
 ejectment;
 
 and clearly it is not competent for him to ask compensation now, for work which the plaintiff has never accepted, nor been allowed to accept, out of the enjoyment of which he is kept by the defendant, and which may be destroyed before the plaintiff will be let into possession.
 

 The case of
 
 Wilson
 
 v.
 
 Forbes (ante %vol.p.30,')
 
 commented on, approved and distinguished from this ca,se.
 

 The counsel for the defendant cited the case of
 
 Wilson
 
 v.
 
 Forbes, (ante
 
 2
 
 vol. p.
 
 30.) It is not applicable.— There the plaintiff did not choose to treat his title derived from the covenantor as null, until by virtue of that very deed it became valid. The covenant was annexed to the principal contract, the
 
 conveyance;
 
 and as the latter was made available, so that the plaintiff kept the land, he ought not also to recover the whole purchase money. All that took place there, was under and in conformity to the deed. As to actions by an executor against an executor
 
 de son
 
 tort, where the latter had paid debts, or by a disseisee against a disseisor, who had paid rents in chief, in which those payments were allowed in mitigation of damages, — they are actions of
 
 *95
 

 trespass
 
 or
 
 trover,
 
 and all idea of a contract is out of the question
 
 ;
 
 and there can be no possibility of doing wrong to the plaintiffs by the deductions, because they are discharged from debts, for which they were bound at all events. But if by such allowances, the rightful executor would suffer loss, as by being deprived of his retainer, no body would think of giving the wrongful executor this benefit of his payments, however innocently he might have made them. Similar to those cases will be the rights of the parties, when the present plaintiff shall bring his action for
 
 mesne
 
 profits. The jury can then make fair allowances out of the rents, and to . ' their extent, for permanent improvements honestly made by the defendant, and actually enjoyed by the plaintiff, taking into consideration all the circumstances.
 

 n seems
 
 thaUn an action for mes-ry may consider ™ mitigation of damages, perma-nentimprovement |j°"ef,!fendant & actually enjoyed by the plaintiff.
 

 _ Per Curiam — Judgment aeeirmed.